UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIDGELINE TACTICAL LLC,<br><br>                      Plaintiff,<br><br>v.<br><br>BUREAU OF ALCOHOL TOBACCO AND FIREARMS; SAN DIEGO COUNTY PLANNING AND DEVELOPMENT SERVICES; AND SAN DIEGO COUNTY SHERIFF'S DEPARTMENT,<br><br>                      Defendants. | Case No.: 23-cv-00060-DMS-JLB<br><br>**ORDER GRANTING MOTION TO DISMISS** |

      Presently before the Court is Defendant Bureau of Alcohol Tobacco and Firearms' ("ATF") Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) ("Motion"). (ECF No. 10.) Plaintiff did not file an opposition, and Defendant ATF did not file a reply.

      A district court may grant an unopposed motion pursuant to a local rule which permits as much. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). If an opposing party fails to file a response in opposition to a motion, that failure may constitute consent to the granting of a motion pursuant to Local Rule 7.1(f)(3)(c). "Although there is . . . a policy favoring disposition on the merits, it is the responsibility of the moving party to move

towards that disposition at a reasonable pace, and to refrain from dilatory or evasive tactics." *In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994).

Before dismissing an action for failure to abide by local rules, "the district court is required to weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.'" *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)). The Ninth Circuit has recognized that the first and fourth factors cut in opposite directions. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (finding that the first factor always weighs in favor of dismissal); *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998) (stating that the fourth factor always weighs against dismissal).

The second, third, and fifth *Ghazali* factors weigh in favor of dismissing this action. As of the date of this Order, Plaintiff has not filed an opposition. Plaintiff's failure to oppose the Motion indicates Plaintiff has abandoned this lawsuit and consents to this Court granting the Motion. The court's need to manage its docket, the risk of prejudice to defendant by further delays in litigation, and the lack of suitably less drastic sanctions supports dismissal. While there is a public policy favoring disposition of cases on their merits, this Court cannot do so because Plaintiff is barred from proceeding in this case under Local Rule 83.3(j). Finding that the *Ghazali* factors weigh in favor of granting the Defendant ATF's unopposed Motion, the Court grants Defendant ATF's Motion pursuant to Local Rule 7.1(f)(3)(c).

Additionally, pursuant to Local Rule 83.3(j) only "natural persons" may proceed pro se in this Court. A person may only appear pro se on behalf of themselves and has "no authority to appear as an attorney for others." *McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 609 (S.D. Cal. Apr. 10, 2014). Local Rule 83.3(j) further provides that "corporations, partnerships and other legal entities, may appear in court only through an attorney permitted to practice." This Court issued an Order to Show Cause ("OSC") for

why this case should not be dismissed pursuant to Local Rule 83.3(j).  (ECF No. 8.)  Plaintiff filed a response challenging the constitutionality of Local Rule 83.3(j).  (*See* ECF No. 9.)  But it is well-settled that "[a] corporation may appear in federal court only through licensed counsel."  *United States v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993); *see also D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004) (same).

Plaintiff is a limited liability company ("LLC").  Andrew Huss, an individual appearing pro se, is the signatory for Plaintiff Ridgeline Tactical LLC on all filings.  It appears, based on Plaintiff's response to the OSC, that it is not going to retain counsel.  (*See* ECF No. 9.)  Because Plaintiff cannot proceed pro se on behalf of an LLC, this entire case is **DISMISSED** without prejudice.[1]

**IT IS SO ORDERED.**

Dated: August 28, 2023

Hon. Dana M. Sabraw, Chief Judge
United States District Court

---

[1] If Plaintiff elects to file an amended complaint asserting claims on behalf of an LLC, it must do so via counsel.